## No. 1835.—David Akin v. P. A. Giraud.

A creditor of an insolvent can not urge the pendency of the insolvent proceedings as a suspension of prescription, and, at the same time, ignore the provisions of the insolvent laws as to the form of proceeding against his ceding debtor.

A judicial admission made in an insolvent proceeding whereby the claim of the creditor is allowed, is prescribed by ten years.

APPEAL from the Third District Court of New Orleans. *Emerson, J. Thomas Hunton,* for plaintiff and appellant. *Buchanan & Gilmore,* for defendant and appellee.

Howell, J. The plaintiff alleges that prior to 1841 Champomier & Giraud, commercial partners, made a cession of their property to their creditors; that he was placed on their bilan as a creditor for two sums, evidenced by notes of Giraud indorsed by the firm and secured by mortgage on certain property which was sold, and the proceeds thereof allowed and paid him as a credit on his claim upon a tableau of distribution, which was homologated on the twenty-eighth January, 1841; that said notes are lost, but are merged in the said judgment of homologation; he is a judgment creditor of defendant for said claim; that the defendant has come to better fortune and is possessor of a large estate; that in the beginning of the late rebellion defendant promised to pay said claim, if successful in certain cotton operations then pending, in which he was successful; that defendant now resides in France, but has property here, and he prays for a writ of attachment and for judgment for said two sums, with interest, less the credit allowed on the twenty-eighth January, 1841.

The answer is a general denial and the prescriptions of five, ten and twenty years. Judgment was rendered sustaining the plea of prescription, and plaintiff appealed.

No exception was made to the right, form or uncertainty of action.

73

If plaintiff bases his action on the notes, it is prescribed by the lapse of five years. If upon the judicial acknowledgment of the debt in the insolvent proceedings, the claim is prescribed by ten years. If he be a judgment creditor of the defendant, there is no basis for another suit, as this is not a suit to revive a judgment, which was besides long since prescribed, if it ever existed.

The plaintiff can not urge the pendency of the insolvent proceedings as a suspension of prescription, and, at the same time, ignore the provisions of the insolvent laws as to the form of proceeding against his ceding debtor. See C. C. 2173; 8 R. 205; 10 An. 255.

It is true the State insolvent laws are superseded by the bankrupt law of 1867; but we are referred to no provision of law, and we know of none, by which the plaintiff is in consequence remitted to his ordinary remedy on the balance of a claim embraced in the insolvent proceedings. To grant him such a remedy would be inconsistent with the laws of insolvency and prescription.

As set out in the pleadings, plaintiff's demand is prescribed, and hence the parol proof of a new promise to pay, was properly excluded.

Judgment affirmed.

Rehearing refused.